1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9
10
11
12
13
14
15

| | |
|---|---|
| THE DESIREE ASSOCIATION OF APARTMENT OWNERS, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

16    The Desiree Association of Apartment Owners ("Association") alleges as follows:

## I.    INTRODUCTION

17

18    1.1    This is an action for declaratory judgment, breach of contract, bad faith, Consumer

19    Protection Act ("CPA") violations, and money damages seeking:

20    (A)    A declaration of the rights, duties, and liabilities of the parties with respect to

21    certain controverted issues under Allstate Insurance Company ("Allstate") policies issued to the

22    Association. The Association is seeking a ruling that each of Allstate's insurance policies provides

23    coverage for hidden damage at the Desiree Condominium and that Allstate is liable for money

24    damages for the cost of repairing hidden damage at the Desiree Condominium.

25    (B)    Money damages for the cost of repairing covered damage, breach of contract, bad

26    faith, and violations of the CPA.

27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

(C)     Attorneys' fees and costs (including expert witness fees).

(D)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Desiree Condominium. The Desiree Condominium consists of one building with sixteen (16) residential units located in Seattle, Washington.

2.2     Allstate. Allstate is an Illinois domiciled insurer with its principal place of business in Illinois. Allstate sold and issued property insurance policies to the Association including Policy Nos. 050816833 (in effect from at least 04/06/2006 – 04/06/2013) and 648602050 (in effect from at least 04/06/2013 – 05/03/2019). The Allstate policies identify the Desiree Condominium as covered property. The Association is seeking coverage against all Allstate policies issued to the Association and/or covering the Desiree Condominium.

2.3     Doe Insurance Companies 1–10.  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Desiree Condominium as covered property.

2.4     Desiree Insurers.  Allstate and Doe Insurance Companies 1–10 shall be collectively referred to as the "Desiree Insurers."

2.5     Desiree Policies. The policies issued to the Association by the Desiree Insurers shall be collectively referred to as the "Desiree Policies."

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Desiree Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of Paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Allstate</u>. On May 19, 2021, the Association tendered a claim to Allstate for recently discovered hidden damage at the Desiree Condominium. The Association requested that Allstate investigate for any other hidden damage that may exist at the Desiree Condominium.

4.3     <u>Joint Intrusive Investigation.</u> In December 2021, the Association, including its experts at Evolution Architecture ("Evolution"), and the Association's historical insurance providers, including Allstate, conducted a joint intrusive investigation at the Desiree Condominium, which revealed system-wide hidden damage to the exterior weather-resistive barrier, sheathing and framing.

4.4     <u>Evolution Report</u>. Following the joint intrusive investigation, Evolution prepared its Building Envelope Investigation Findings Report ("Evolution Report"), dated February 1, 2022. As set forth in the Evolution Report, it is Evolution's opinion that water intrusion in the form of rainwater events, including wind-driven rain, is the primary cause of the hidden water damage identified at the Desiree Condominium. According to Evolution, the hidden damage at the Desiree Condominium has occurred incrementally and progressively each year from 1979 to the present, and some new damage commenced during each Allstate policy period. The cost to repair the hidden damage at the Desiree Condominium is in excess of $1,800,000.00, well over the jurisdictional limit of $75,000.

4.5     <u>Allstate's Denial of the Association's Claim.</u> On September 1, 2022, Allstate unreasonably denied coverage for the Association's insurance claim.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

## V.    FIRST CLAIM AGAINST THE DESIREE INSURERS: DECLARATORY RELIEF THAT THE DESIREE POLICIES PROVIDE COVERAGE

5.1    The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 4.5, above, as if fully set forth herein.

5.2    The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)    The Desiree Policies cover the hidden damage to exterior building components including, but not limited to, exterior weather-resistive barrier, sheathing, and framing at the Desiree Condominium.

(B)    No exclusions, conditions, or limitations bar coverage under the Desiree Policies.

(C)    The loss or damage to the Desiree Condominium was incremental and progressive. New damage commenced during each year of the Desiree Policies.

(D)    As a result, the Desiree Policies cover the cost of investigating and repairing the hidden damage to exterior building components including, but not limited to, weather-resistive barrier, sheathing, and framing at the Desiree Condominium.

## VI.    SECOND CLAIM: AGAINST ALLSTATE FOR BREACH OF CONTRACT

6.1    The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    Allstate has contractual duties under the terms of its policies to pay the cost of investigating and repairing the covered damage to the Desiree Condominium.

6.3    Allstate breached its contractual duties by wrongfully denying coverage on September 1, 2022, and by failing to pay the cost of repairing the covered damage to the Desiree Condominium.

6.4    As a direct and proximate result of Allstate's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5    As a direct and proximate result of Allstate's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs, and other

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.    THIRD CLAIM: AGAINST ALLSTATE FOR INSURANCE BAD FAITH

7.1    The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2    The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3    The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4    Allstate had a duty to investigate, evaluate, and decide the Association's claim in good faith. Allstate breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Desiree Condominium; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policies; (3) failing to acknowledge that there is coverage under its policies when damage results from the concurrent combination of rain and inadequate construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in the

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

1   Allstate policies; and (5) failing to define terms in the Allstate policies pursuant to the plain

2   meaning of the terms.

3   7.5     In addition, Allstate ignores case law in the Western District of Washington that is directly

4   contrary to the coverage positions taken by Allstate by, among other things, refusing to follow the

5   decision in *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. C14-1860 BJR, 2015 U.S. Dist.

6   LEXIS 184729 (W.D. Wash. Dec. 23, 2015), which ruled that the Allstate Customizer policy

7   covers: (1) wind-driven rain; (2) repeated leakage of water; (3) damage to exterior wall sheathing

8   and framing caused by a combination of rain and inadequate construction; and (4) water damage

9   resulting from inadequate construction or maintenance. Allstate's self-serving denial does not

10  comport with Washington law or the plain meaning of its own policy language and put Allstate's

11  financial interests ahead of the Association's to the Association's detriment. Allstate's actions and

12  omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and

13  frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a

14  direct and proximate result of the breaches, the Association has been damaged in an amount to be

15  proven at trial.

16  7.6     A violation, if any, of one or more of the Washington claims handling standards set forth

17  below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive

18  act or practice in the business of insurance, and a breach of the insurance contract. Allstate's

19  conduct violated Washington claims handling standards:

20  • Which require it to fully disclose all pertinent coverages.

21  • Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or

22      coverage.

23  • Which prohibit the practice of refusing to pay claims without conducting a reasonable

24      investigation.

25  • Which require Allstate to provide a reasonable explanation of the relevant facts, law, and

26      policy language and how its policy language supported a denial of the Association's claim.

27

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

- Which require Allstate to adopt and implement reasonable standards for the prompt investigation of claims.

7.7    Allstate's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Allstate's duty of good faith. As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## VIII.    FOURTH CLAIM: AGAINST ALLSTATE FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1    The Association re-alleges and incorporates by reference the allegations of Paragraphs 1.1 through 7.7, above, as if fully set forth herein.

8.2    Violations of Washington Administrative Code ("WAC") claims handling standards are per se CPA violations. On information and belief, Allstate's conduct was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Allstate's violations, the Association has been damaged in an amount to be proven at trial. Under the CPA, the Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees.

## IX.    PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1    <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Desiree Policies provide coverage as described herein.

9.2    <u>Money Damages.</u>  For money damages against each of the Desiree Insurers for the cost of investigating and repairing hidden damage at the Desiree Condominium in an amount to be proven at trial, as well as money damages against Allstate for breach of the duty of good faith in an amount to be proven at trial.

9.3    <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
16400 SOUTHCENTER PARKWAY., SUITE 410
TUKWILA, WA 98188
PHONE 206.388.0660 FAX 206.286.2660

1  9.4    <u>CPA Penalties.</u>  For CPA penalties against Allstate of up to $25,000 per violation.

2  9.5    <u>Other Relief.</u>  For such other and further relief as the Court deems just and equitable.

3                      **X.      DEMAND FOR JURY TRIAL**

4  10.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial

5  by jury in this action of all issues so triable.

6          Dated the 21st day of October, 2022.

7                                      **STEIN, SUDWEEKS & STEIN, PLLC**

8                                      /s/ *Jerry H. Stein*
                                       Jerry H. Stein, WSBA #27721
9                                      /s/ *Justin D. Sudweeks*
                                       Justin D. Sudweeks, WSBA #28755
10                                     /s/ *Daniel J. Stein*
                                       Daniel J. Stein, WSBA #48739
11                                     /s/ *Jessica R. Burns*
                                       Jessica R. Burns, WSBA #49852
12                                     16400 Southcenter Parkway, Suite 410
                                       Tukwila, WA 98188
13                                     Email: jstein@condodefects.com
                                       Email: justin@condodefects.com
14                                     Email: dstein@condodefects.com
                                       Email: jessica@condodefects.com
15                                     Telephone: (206) 388-0660
                                       Facsimile: (206) 286-2660
16                                     ***Attorneys for Plaintiff***

17

18

19

20

21

22

23

24

25

26

27

BREACH OF CONTRACT, BAD FAITH,
CONSUMER PROTECTION ACT VIOLATIONS,
AND DAMAGES - 8

                    STEIN, SUDWEEKS & STEIN, PLLC
                    16400 SOUTHCENTER PARKWAY., SUITE 410
                    TUKWILA, WA 98188
                    PHONE 206.388.0660 FAX 206.286.2660